UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HASSAN BEY,

      Plaintiff,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.

Civil Action No. 18-3693 (FLW) (TJB)

**OPINION**

**FREDA L. WOLFSON, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff, Hassan Bey ("Bey"), is a prisoner currently incarcerated at South Woods State Prison in Newark, New Jersey.[1] He is proceeding *pro se* with a civil rights complaint filed under 42 U.S.C. § 1983. This Court previously granted Bey's application to proceed *in forma pauperis*. (ECF No. 2.)

The Court must now review the complaint under 28 U.S.C. § 1915(e), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be permitted to proceed in part and will be dismissed in part.

---

[1]     At the time Bey filed his complaint, he was incarcerated at East Jersey State Prison. (ECF No. 1, ¶ 4.) However, according to the publicly accessible New Jersey Department of Corrections Inmate Search Engine, Bey is presently confined at South Woods State Prison. The Clerk is directed to update Bey's address on the docket.

## II. BACKGROUND

The factual allegations of the complaint will be construed as true for the purposes of this opinion. The complaint names as defendants the New Jersey Department of Corrections, Gary M. Lanigan, the former-Commissioner of the Department of Corrections, and SCO E. Hernandez. (Compl., ECF No. 1.)

Bey alleges that on July 18, 2017, he had a "minor misunderstanding" with SCO Hernandez while Bey was moving his belongings to a new unit within Northern State Prison. (*Id.* ¶ 6.) Bey claims that as a result of this dispute, SCO Hernandez ordered him to stand against the wall with his hands on his head. (*Id.*). SCO Hernandez then apparently took Bey to an empty room that is not surveilled by camera. (*Id.*) Several other officers entered the room and allegedly threatened Bey and SCO Hernandez "forcibly push[ed] [his] head into the cement wall." (*Id.*)

Bey claims that the officers then ordered him to strip "for no reason." (*Id.*) Bey alleges that there was no reason for the officers to conduct a strip search because he was not returning from visitation nor suspected of having "paraphernalia" on him. (*Id.*) Bey asserts he was humiliated by the search and further humiliated by SCO Hernandez who "made [Bey] pull back the foreskin on [his] penis" and threatened to use force if Bey did not do so. (*Id.*) Following the strip search, Bey claims that SCO Hernandez damaged his television. (*Id.*)

After this incident, Bey alleges that he filed a Prison Rape Elimination Act ("PREA") complaint with medical staff and reported the incident to "high ranking officers, Administration, the Commission, Attorney General, Essex County prosecutors, [and] the investigation unit." (*Id.* ¶ 5.) He alleges that he received no response to his complaint for five months following the incident. (*Id.* ¶ 6.)

Bey seeks monetary relief from defendants, as well as an injunction ordering the use of body cameras by correctional officers. (*Id.* ¶ 7.)

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), a district court must review a prisoner complaint when the prisoner: (1) is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B); (2) seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A; or (3) asserts a claim concerning prison conditions, *see* 42 U.S.C. § 1997e(c). The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308

n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings must be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017) (per curiam). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## A. 1983 Claims Against the New Jersey Department of Corrections and Gary M. Lanigan

### 1. Immunity

The Court construes the complaint to allege supervisory liability claims under § 1983 against the New Jersey Department of Corrections and Lanigan in his official capacity, for the alleged constitutional violations committed by SCO Hernandez and for failing to investigate Bey's PREA claim.[2]  The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign state." U.S. Const. amend XI. In that connection, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity has been waived by the state itself or by federal statute. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974). It is well-accepted that the Eleventh Amendment "protects a state or state agency from a § 1983 suit." *Ellington v. Cortes*, 532 F. App'x 53, 56 (3d Cir. 2013). Courts have found that Department of Corrections is immune from suit under the Eleventh Amendment. *Grabow v. So. State Corr. Facility*, 726 F. Supp. 537, 537-38 (D.N.J. 1989) (finding that Department of Corrections and its Commissioner "are not 'persons' within

---

[2] Bey's complaint does not indicate whether his claims are brought against Lanigan in his individual or official capacity. As the Court must liberally construe Bey's *pro se* complaint, it will construe the complaint to include claims against Lanigan in both his official and individual capacities. *See Stathum v. Nadrowski*, No. 15-5502, 2016 WL 7411428, at *4 (D.N.J. Dec. 22, 2016); *see also Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990) (noting that the "course of proceedings" should be considered to determine whether claims are brought against an official in his or her official or individual capacity). Bey seeks both monetary and injunctive relief against Lanigan, suggesting that he seeks to hold Lanigan liable in both his individual and official capacities. *See Stathum*, 2016 WL 7411428, at *4.

the meaning of § 1983").

Further, state agencies are "immune from suit in a federal court without regard to the nature of the relief sought." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000); *see also Major Tours, Inc. v. Colorel*, 720 F. Supp. 2d 587, 602 (D.N.J. 2010) ("Plaintiffs may bring suits for prospective injunctive relief pursuant to federal law against state officers in their official capacities, but not the state itself or state agencies.") Bey's claim for injunctive relief against the Department of Corrections to require all officers to wear body cameras is also dismissed with prejudice.

As to Lanigan, a suit brought against a state official in his or her official capacity "is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Lanigan, therefore, is similarly immune from suit to the extent Bey brings claims against him in his official capacity for monetary relief. Lanigan is not, however, immune from Bey's claim for injunctive relief. *Figueroa v. City of Camden*, 580 F. Supp. 2d 390, 398 (D.N.J. 2008). Nevertheless, Bey's claim for injunctive relief against Lanigan will be dismissed because, as set forth below, the complaint does not state a claim upon which relief may be granted against Lanigan. Accordingly, Bey's claims for monetary and injunctive relief against Lanigan, in his official capacity, are dismissed.

### 2. <u>Failure to State a Claim</u>

The Court construes the complaint to additionally allege claims against Lanigan in his individual capacity. It appears from the complaint that Bey seeks to hold Lanigan liable: (1) as a supervisor for the conduct of SCO Hernandez and (2) for failing to respond to his PREA complaint. The allegations contained in the complaint are insufficient to state either claim.

First, to the extent Bey attempts to bring a claim against Lanigan for failure to respond to

his PREA complaint, the claim is dismissed without prejudice. "[A]ccess to prison grievance procedures is not a constitutionally-mandated right," and the failure to investigate an inmate's grievance does not rise to a constitutional violation. *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011); *see also Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) ("I do not suggest that [inmate grievance] procedures are constitutionally mandated."); *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (noting that "an allegation of failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim"). Moreover, the PREA does not create a private cause of action and claims alleging violations of the PREA are not cognizable under § 1983. *See Walsh v. N.J. Dep't of Corrs.*, No. 17-2442, 2017 WL 3835666, at *3-4 (D.N.J. Aug. 31, 2017); *see also Green v. Martin*, 224 F. Supp. 3d 154, 170-71 (D. Conn. 2016); *Nestor v. Director of NE Region Bureau of Prisons*, No. 11-4683, 2012 WL 6691791, at *3 (D.N.J. Dec. 20, 2012).

Further, the complaint is devoid of any allegations to state a claim of supervisory liability against Lanigan related to the strip search. It is well-established that § 1983 does not provide for *respondeat superior* liability against supervisors and employers. *See Iqbal*, 556 U.S. at 676. Indeed, a supervisor defendant can only be liable under § 1983 for Eighth Amendment violations where the supervisor (1) established a policy, custom, or practice that caused the harm or (2) personally participated in the constitutional violation. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-19 (3d Cir. 2017), *overturned on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Moreover, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).

The complaint does not state a claim against Lanigan under the first theory of supervisory liability—policy, custom, or practice—because he does not allege that SCO Hernandez was acting pursuant to some policy set forth by Lanigan in his capacity as Commissioner of the Department of Corrections. Furthermore, Bey's claim does not satisfy the second theory of supervisory liability because he fails to allege that Lanigan was personally involved in the alleged constitutional violation. Even accepting as true Bey's allegation that Lanigan was put on notice of the constitutional violation by way of the PREA complaint, awareness of an incident is not sufficient to demonstrate that a supervisor as personally involved in the deprivation of a constitutional right. *See Rode*, 845 F.2d at 1207-08; *see also Simonton*, 437 F. App'x at 62 ("A prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right.").

Accordingly, the Court will dismiss the claims against Lanigan in his individual capacity without prejudice.

**B.     SCO E. Hernandez**

The Court construes Bey's complaint as seeking to bring two distinct causes of action against SCO E. Hernandez for his conduct on July 18, 2017: (1) for sexual harassment in violation of the Eighth Amendment and (2) for performing a strip search of Bey in violation of the Fourth Amendment.[3]

---

[3]     As with Lanigan, Bey does not designate whether he brings his claims against SCO Hernandez in his official or individual capacity. To the extent he brings claims against SCO Hernandez in his official capacity for monetary relief, they will be dismissed with prejudice pursuant to Eleventh Amendment immunity. *Will*, 491 U.S. at 71. Moreover, to the extent Bey brings a claim for injunctive relief against SCO Hernandez, it is also dismissed as Bey lacks standing to bring such a claim since he has been transferred from Northern State Prison to South Woods State Prison. Because Bey is no longer confined at Northern State Prison, he cannot

8

### 1. Sexual Harassment in Violation of the Eighth Amendment

To state a claim for a violation of the Eighth Amendment, a plaintiff must satisfy both objective and subjective elements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective inquiry asks whether the deprivation of a basic human need is sufficiently serious, and the subjective component asks whether the official acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The objective component is contextual and responsive to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The subjective component follows from the principle that "only the unnecessary and wanton infliction of plain implicates the Eighth Amendment." *See Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297). "What is necessary to establish an 'unnecessary and wanton infliction of pain' . . . varies according to the nature of the alleged constitutional violation." *Hudson*, 503 U.S. at 5.

The Third Circuit, joining several other circuits, recently held that sexual abuse of prisoners by prison officials can violate the Eighth Amendment. *See Ricks v. Shover*, 891 F.3d 468 (3d Cir. 2018). In *Ricks*, the Third Circuit clarified that "a single incident, if sufficiently serious or severe, can run afoul of the Eighth Amendment as surely as can multiple, less egregious incidents." *Id.* at 477. In that connection, the court declined to adopt a bright-line rule as to when sexual contact will violate the Eighth Amendment and instead instructed that the district courts should conduct a "contextual, fact-specific" inquiry, which considers "[t]he scope, place, and timing of the offensive conduct." *Id.* at 478. The court further noted that "it goes

---

show that he faces a real and immediate threat of future injury arising out of the challenged conduct. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."); *see also Hennis v. Varner*, 544 F. App'x 43, 45 (3d Cir. 2013).

without saying that objectively serious sexual contact would include sexualized fondling, coerced sexual activity, combinations of ongoing harassment and abuse, and exchanges of sexual activity for special treatment or to avoid discipline." *Id.* With respect to the subjective component, the court instructed that "a desire to humiliate the inmate or gratify the officer— inferred through the officer's conduct—is a reasonable way to distinguish between invasive touching that is permitted by law to ensure safety and which is not." *Id.* at 476.

Generally, an Eighth Amendment claim for sexual abuse or harassment requires a showing of "physical contact with the alleged perpetrator." *Holland v. City of New York*, 197 F. Supp. 3d 529, 547 (S.D.N.Y. 2016) (citation omitted); *see also Washington v. Gilmore*, No. 15-1031, 2017 WL 4155371, at *8 (W.D. Pa. Aug. 31, 2017) (dismissing Eighth Amendment sexual assault claim where plaintiff did not allege any "direct physical contact" with the alleged perpetrators). For example, in *Chambliss v. Jones*, a Middle District of Pennsylvania court determined that plaintiff could not state a claim for sexual harassment under the Eighth Amendment where he alleged that the defendant guard made lewd comments and sexual gestures toward him. No. 14-2435, 2015 WL 328064, at *1, *3 (M.D. Pa. Jan. 26, 2015). The court explained that "[w]hile the behavior alleged by [plaintiff] . . . may be inappropriate, without allegations of direct physical contact and, or, pain, it does not rise to the level of an Eighth Amendment violation." *Id.* at *3. Nevertheless, sexual conduct, without direct physical contact, may arise to an Eighth Amendment violation where it is "egregious." *Holland*, 197 F. Supp. 3d at 547.

The complaint fails to state a claim for sexual harassment because it does not allege any direct physical contact with SCO Hernandez or that SCO Hernandez's conduct was even sexual in nature, let alone "egregious." Bey does not allege that SCO Hernandez touched him in any

10

way, but only states that SCO Hernandez required Bey to pull back his foreskin during the strip search. Without more, these facts are insufficient to meet the objective prong of an Eighth Amendment sexual harassment claim. *Accord Ricks*, 891 F.3d at 477 (noting that "objectively serious sexual contact would include sexualized fondling, coerced sexual activity, combinations of ongoing harassment and abuse, and exchanges of sexual activity for special treatment or to avoid discipline"); *Holland*, 197 F. Supp. 3d at 547.

The Court does not overlook the fact that SCO Hernandez allegedly acted with an intent to humiliate Bey in the context of Bey's sexual harassment claim. Indeed, an officer's intent to humiliate an inmate may be sufficient to meet the subjective prong of the Eighth Amendment analysis. *See Ricks*, 891 F.3d at 477. However, because Bey's allegations do not meet the Eighth Amendment's objectively serious prong, he has failed to state a claim for sexual harassment under the Eighth Amendment. That said, Bey's claim that SCO Hernandez intended to humiliate him is better addressed in the context of Bey's Fourth Amendment unreasonable search and seizure claim. *See infra.*

Accordingly, Bey's claim for sexual assault in violation of the Eighth Amendment is dismissed without prejudice.

### 2. Unconstitutional Strip Search

In the alternative, the complaint also appears to bring a § 1983 claim against SCO Hernandez for conducting an unconstitutional strip search of Bey. The Fourth Amendment of the United States Constitution protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. Determining whether a search or seizure is reasonable for the purposes of the Fourth Amendment "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979).

Therefore, "[c]ourts must consider the scope of a particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.*

Prison inmates retain certain protections under the Fourth Amendment despite their incarcerated status, including the right to bodily privacy. *Parkell v. Danberg*, 833 F.3d 313, 326 (3d Cir. 2017). While the general practice of conducting strip searches has been upheld by the Supreme Court, "it has also noted that '[a]dmittedly, this practice instinctively gives us the most pause." *Crump v. Passaic Cty.*, 147 F. Supp. 3d 249, 256 (D.N.J. 2015) (alteration in original) (quoting *Bell*, 441 U.S. at 558). Indeed, "not all strip search procedures will be reasonable; some could be excessive, vindictive, harassing, or unrelated to any legitimate penological interests." *Brown v. Blaine*, 185 F. App'x 166, 169 (3d Cir. 2006) (quoting *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988)). Nevertheless, even if a strip search is unnecessary, "there is no Fourth Amendment violation if plaintiff cannot show that the strip search[ was] conducted in an unreasonable manner." *Barber v. Jones*, No. 12-2578, 2013 WL 211251, at *8 (D.N.J. Jan. 18, 2013).

Here, Bey alleges that there was no reason for the strip search to be conducted—he claims that he was not returning from a visit nor was he suspected of possessing any contraband, which are legitimate reasons for a strip search to be conducted. *See Brown*, 185 F. App'x at 169-70 (collecting cases). Taking as true Bey's allegations that there was no legitimate reason for the search, the allegations of the complaint demonstrate that it was not conducted in a reasonable matter. Bey alleges that SCO Hernandez required him to pull back the foreskin of his penis as part of the search and claims that officers are not instructed to search inmates "differently . . . because they are not circumcised." (Compl., ECF No. 1, ¶ 6.) While it does not appear from the complaint that SCO Hernandez, or the other officers present, touched him in any way or

12

physically harmed him during the search, the allegations of the complaint demonstrate that the search was humiliating and permit the court to infer that the search was conducted to degrade and otherwise punish Bey. *See, e.g.*, *Williamson v. Garman*, No. 15-1797, 2017 WL 80209, at *3-4 (M.D. Pa. Jan. 9, 2017). Accordingly, Bey's § 1983 claim against SCO Hernandez for unreasonable search and seizure is permitted to proceed.

## V. CONCLUSION

For the foregoing reasons, Bey's claim against SCO Hernandez for performing a strip search in violation of the Fourth Amendment is permitted to proceed. Bey's claims against the Department of Corrections and Lanigan and Hernandez, in their official capacities, are dismissed with prejudice. Claims against Lanigan in his individual capacity are dismissed without prejudice, as is Bey's claim against SCO Hernandez for sexual harassment. An appropriate order will follow.

DATED: November 5, 2018

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge